IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACIE WILCOX, individually and as CEO OF ON TAP CREDIT UNION, and ON TAP CREDIT UNION<br><br>Plaintiffs,<br><br>V.<br><br>MICHAEL WILLIAMS, SITCOMM ARBITRATION ASSOCIATION, TIMOTHY SIMPSON, and INNOVATED HOLDINGS, LLC<br><br>Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

Comes now Tracie Wilcox, individually and as CEO of On Tap Credit Union, ("Wilcox"), and On Tap Credit Union ("OTCU), collectively, "Plaintiffs"[1] by and through counsel, and states their Complaint against Michael Williams, Sitcomm Arbitration Association, Innovated Holdings, LLC, and Timothy Simpson (collectively, "Defendants") as follows:

1.  Plaintiff, Tracie Wilcox, is a citizen of Colorado, employed as CEO of On Tap Credit Union.

2.  Plaintiff, On Tap Credit Union ("OTCU") is a credit union operating in Colorado with a principal address of 816 Washington Avenue, Golden, CO 80401.

3.  Defendant Michael Williams ("Williams") is a citizen of Colorado who utilized OTCU's financial services with an address of 5400 Sheridan Blvd #18, Arvada, CO 80002.

---

[1] The arbitration award in question is only against Tracie Wilcox, individually, as CEO of On Tap Credit Union. However, the Credit Union has an interest in establishing its rights and duties with respect to Defendant Michael Williams' threats against the Credit Union and its CEO. *See* Exhibit 7, p. 16.

4. Defendant Sitcomm Arbitration Association ("SAA") is a Wyoming entity that purports to provide arbitration services and may be served through its registered agent/principal business address, Wyoming Registered Agent, 1621 Central Ave., Cheyanne, WY 82001.

5. Defendant Innovated Holdings, Inc., ("Innovated") is a Wyoming entity that, upon information and belief, operates and finances SAA, and can be served through its registered agent for service of process, Wyoming Registered Agent, 1621 Central Ave., Cheyanne, WY, 82001.

6. Innovated's prior principal place of business address was 8674 Rosalie Avenue, Brentwood, #440223 MO 63144, a post office that is also used in documents as the business address of SAA.

7. Upon information and belief, Innovated's principal address is currently 304 S. Jones Blvd, Ste 1967, Las Vegas, NV 89107, with an email address of admin@saalimited.com.

8. Defendant Timothy Simpson ("Simpson") is a purported arbitrator for SAA, allegedly located in Nashville, TN, and at this time no address is known for Simpson and it is unknown if Simpson exists.

9. On or about February 17, 2020, Defendant Williams purported to serve on OTCU and Wilcox, among others, a summons and "Motion to Confirm Arbitration Award". Exhibit 1.

10. Williams' alleged that venue and jurisdiction are proper in this Court under 9 U.S.C. § 9, as Williams alleges that an arbitration took place in Nashville, Tennessee.

11. Plaintiffs' rely upon Williams' allegations and SAA's documents to establish that jurisdiction and venue are proper in this Court under federal question jurisdiction.

12. Williams' arbitration award arises out of multiple IRS levies on Williams' member account at OTCU, the first of which was filed on November 19, 2018 in the amount of $21,164.28,

for taxes pertaining to 2005, 2007, 2010, and 2011, followed by multiple notices dated December 4 through December 12, 2018, seeking approximately $6,840.90, the 2010 and 2011 taxes owed. Exhibit 2.

13. OTCU relinquished funds on hand of $667.91 to the IRS on or about December 26, 2018. Exhibit 3.

14. On or about December 21, 2018, Williams sent a "Conditional Acceptance for the Value/Agreement/Contract no. 657841-QWSDFGIJKLIIG Dsa = K26SDFGII1 – 2009MJ01©"("Purported Contract") which is sixty-seven pages long, unsigned by Williams at multiple sections (Exhibit 4, p. 15, 67) and requires the defendants to respond to the offer within ten days of mailing the Purported Contract and that failure to respond results in acceptance of the Purported Contract and waives any rights or defenses of defendants and binds all parties' to arbitration. (Exhibit 4, p. 63, #s 10000, 10001, p. 64, 10003, p. 66, # 10009).

15. On or about January 4, 2019, Williams sent a letter to OTCU, Wilcox, and others claiming that OTCU, Wilcox, and the IRS failed to provide a requested "proof of claim" within ten days of the Purported Contract, and further that if OTCU, Wilcox, and the IRS did not cure this default within three days OTCU, Wilcox, and the IRS agreed to be bound by the facts contained in the "Conditional Acceptance for Value and counter offer/claim for Proof of Claim as said facts operate in favor of the Undersigned." Exhibit 5. The letter further states, "Unless Respondent(s) (Wilcox, OTCU, and the IRS) can prove for and on the record that the contract (referencing the Purported Contract) was never delivered to Respondent(s) via Priority Mail, the contract is accepted by Respondent(s) and Respondent(s) agree to the Federal Arbitration Act and arbitration by SAA." Williams signed this document.

16. On or about June 18, 2019, Williams served a "to be filed" complaint against OTCU, Wilcox, and the IRS, among others, in Colorado state court, which requests enforcement

of an arbitration award in Williams' favor, with the arbitration conducted pursuant to the Purported Contract Williams' claims was "agreed to by the parties, is binding, irrevocable, (and) self executing . . ." Exhibit 6. Williams, on July 18, 2019 and August 5, 2019, sent notices of payment owing to the "Michael Jay Williams Estate", the purported plaintiff in the unfiled Colorado action.

17. On or about February 17, 2020, using a summons that was prepared for issuance by this Court, Williams mailed his Motion to Confirm Arbitration award to Plaintiffs. Exhibit 1, p. 1.

18. Williams' filing alleges that "On or about December 21, 2018 (Williams and Wilcox) entered into an agreement which provided that the parties would settle any dispute arising out of the agreement by arbitration according to Timothy Simpson, Arbitrator." Exhibit 1, p. 3.

19. Williams' filing alleges that on April 28, 2019, SAA issued Williams an award of $1,500,000 against Plaintiffs. Exhibit 1, p. 3, 4.

20. Williams' purportedly mailed the filing to the United States District Court, Middle District of Tennessee at Nashville, on February 17, 2020. Exhibit 1, p. 7.

21. Williams attached the SAA award to his Motion, which states that SAA is located at 8764 Rosalie Avenue, #440223, Brentwood, MO 63144, which, upon information and belief, is the address for a post office box at a USPS facility. Exhibit 7.

22. The award indicates that a hearing was held on April 26, 2019, in Nashville, Tennessee, with Simpson acting as arbitrator. Exhibit 7, p. 15, ¶ 46.

23. The award states that Wilcox, the IRS, and others entered into the Purported Contract with Williams in silently agreeing that their "[f]ailure and or refusal to respond and provide the

requested testimony . . . shall constitute a failure and a deliberate and intentional refusal to respond . . . operat(ing) in favor of (Williams) through 'tacit acquiescence." Exhibit 7, p. 3.

24. The award repeatedly states that the Purported Contract is a binding contractual agreement and all parties are bound by the terms of such agreement. Exhibit 7, p. 3-8, p. 11-15, 18, ¶¶ 1, 4, 5, 6, 7, 8, 9, 11, 12, 15, 16, 17, 18, 19, 20, 22, 23, 24, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 44, 45, 46, 55, 56.

25. The award also details that it cannot be attacked in any tribunal. *See* Exhibit 7, p. 19, ¶¶ 57, 58.

26. The award grants, based on the tacit acquiescence of the parties requested to respond to the Purported Contract, a judgment of $1,500,000, with $300,000 against each of the following: 1) IRS agent Evelyn Smith; 2) Tracie Wilcox, individually, and as CEO of OTCU; 3) the IRS; 4) the "Currant" United States Attorney General; and 5) Colorado Attorney General Cynthia Coffman. Exhibit 7, p. 16.

**COUNT I – Request for Declaratory Relief Against Michael Williams, the SAA, and Timothy Simpson Enjoining Such Defendants From Attempting to Enforce the Arbitration Award or Taking the Position That the Arbitration Award is Valid.**

27. Paragraphs 1-26 are incorporated herein.

28. Pursuant to 28 U.S.C. § 2201, in a case of actual controversy within its jurisdiction, this Court may declare the rights and other legal relations of any interested party and such declaration will be a final judgment.

29. This action arises out of the Purported Contract, and allegedly an arbitration hearing in Nashville, Tennessee, which creates jurisdiction in Nashville, Tennessee.

30. This controversy involves federal question jurisdiction under the Federal Arbitration Act.

31. Under the Federal Arbitration Act, where a contract delegates the issue of arbitrability to the arbitrator, the arbitrator makes the decision as to whether the issue is subject to arbitration. Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 527, 202 L. Ed. 2d 480 (2019).

32. This Court retains jurisdiction to determine if the parties agreed to arbitrate a dispute or came to any agreement at all on any issue. Lloyd's Syndicate 457 v. FloaTEC, L.L.C., 921 F.3d 508, 515, fn. 4, 5 (5th Cir. 2019).

33. As agreements to arbitrate are contracts, state law governs the issue of whether a contract is created. Braxton v. O'Charley's Rest. Properties, LLC, 1 F. Supp. 3d 722, 726 (W.D. Ky. 2014)

34. In Tennessee, "a party is under no duty to respond to an unsolicited offer, and a contract cannot be formed unless and until the offeree performs some overt act to signify its unequivocal acceptance of the offer. . . . An offeror cannot, merely by saying that the offeree's silence will be taken as acceptance cause it to be operative as such." E & A Ne. Ltd. P'ship v. Music City Record Distributors, Inc., No. M2005-01207-COA-R3CV, 2007 WL 858779, at *4 (Tenn. Ct. App. Mar. 21, 2007).

35. A contract must result from a meeting of the minds of the parties under an objective standard of whether the parties' actions establish the required mutuality of assent. Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co., 160 S.W.3d 521, 524 (Tenn. 2005).

36. There is no mutuality of assent regarding the Purported contract as Plaintiffs took no action to indicate any consent to Williams' "offer" and nothing in the arbitration award states as such.

37. Williams' is not permitted to create an enforceable contract with Plaintiffs merely by making an offer and stating failing to respond will result in an agreement.

38. Simpson, as arbitrator, and SAA, as the arbitration provider, acquiesced, encouraged, and/or created the documents upon which Williams' relies in claiming a Purported Contract with Plaintiffs and a binding arbitration award.

39. No less than ten cases involving SAA have been filed in federal court.

40. Courts refuse to enforce SAA awards, with statements from cases as follows: a) referring to SAA judgments as "nonsensical word salad . . "[2]; b) "the Court warns all parties involved that it will not permit anyone to waste judicial resources by seeking enforcement of fraudulent "arbitration awards,"[3] c) "This is one of the many cases in recent months where a court has repudiated an arbitration award made by Sitcomm. . . . Using the court system to file fraudulent claims burdens defendants, wastes judicial resources, and weakens the public's perception of the judicial branch. Accordingly, the Court will alert the United States Attorney's Office for the Northern District of Texas and the Attorney General Offices of Michigan, Mississippi, Hawaii, Virginia, Georgia, Wyoming, and Nevada to Sitcomm's activities by forwarding this order."[4], d) "what he labeled as "Contract Between the Parties" and titled "Show of Cause Proof of Claim Demand" does not amount to an enforceable agreement between the parties. The submission from Petitioner fails to form a contract under basic hornbook contract law."[5] ; and e) "As in *Nichols*, these documents do

---

[2] U.S. Bank Nat'l Ass'n v. Nichols, No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019)
[3] Brown v. Ally Fin. Inc., No. 2:18-CV-70-KS-MTP, 2019 WL 6718672, at *3 (S.D. Miss. Dec. 10, 2019)
[4] Magee v. Nationstar Mortg., LLC, No. 5:19-MC-017-H, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020); *see also* PennyMac Loan Servs., LLC v. Sitcomm Arbitration Ass'n, No. 2:19-CV-193-KS-MTP, 2020 WL 1469458, at *1 (S.D. Miss. Mar. 26, 2020) (naming the individual officers/directors of Innovated and SAA as defendants, alleging RICO violations).
[5] Meekins v. Lakeview Loan Servicing, LLC, No. 3:19CV501 (DJN), 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019).

not support the existence of any valid agreement between Plaintiffs and SLS to arbitrate, any proof of a legitimate arbitration proceeding, or any legal theories upon which Plaintiffs could claim a right to arbitration with SL."[6]

41. Here, as there is clearly no mutual assent or meeting of the minds as Williams contract claim is based on an unsolicited, unsigned offer, which lacks consideration and binds any non-responding party, there was no agreement to the Purported Contract and therefore an agreement to arbitrate cannot exist.

42. Thus, Plaintiffs' request that this Court declare the purported arbitration award from SAA void and permanently enjoin Defendants from using or referencing the purported judgment for any purpose.

### COUNT II – Violation of the TCPA Against All Defendants

43. Paragraphs 1-42 are incorporated herein.

44. A person is defined under the Tennessee Consumer Protection Act ("TCPA") as ". . . a natural person, individual, governmental agency, partnership, corporation, trust, estate, incorporated or unincorporated association, and any other legal or commercial entity however organized . . ." Tenn. Code Ann. § 47-18-103(14).

45. Consumer transaction is defined under the TCPA as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal or missed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(20).

---

[6] Kalmowitz v. Fed. Home Mortg. Corp., No. CV619MC00010JCBJDL, 2019 WL 6249298, at *3 (E.D. Tex. Oct. 22, 2019), report and recommendation adopted, No. 6:19-MC-00010, 2019 WL 6249426 (E.D. Tex. Nov. 21, 2019).

46. The TCPA prohibits "causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and services . . ." Tenn. Code Ann. § 47-18-104(b)(2).

47. The TCPA prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, benefits or quantities that they do not have . . ." Tenn. Code Ann. § 47-18-104(b)(5).

48. The TCPA prohibits "representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law . . ." Tenn. Code Ann. § 47-18-104(b)(12).

49. Any person who suffers an ascertainable loss of money or other thing of value, wherever situated, by acts in violation of the TCPA has a cause of action for damages under the TCPA, which includes treble damages and attorneys' fees. Tenn. Code Ann. § 47-18-109(a)(1).

50. Innovated is the owner/operator of SAA.

51. Innovated holds SAA out as providing services, including conducting arbitrations that create valid, legal, enforceable rights.

52. Simpson purports to provide services, including conducting arbitrations that create valid, legal, enforceable rights.

53. SAA purports to provide services, including arbitration documents and awards that create valid, legal, enforceable rights.

54. Simpson, the SAA, Williams, and Innovated all represent that the arbitration award creates a binding, valid judgment against Plaintiffs (amongst others) that cannot be attacked by a court.

55. Simpson, the SAA, Williams, and Innovated all represent that the Purported Contract creates a binding, valid, enforceable agreement between Williams and Plaintiffs.

56. The Purported Contract does not create a valid contract as there is no mutuality of assent.

57. The arbitration award is not valid in that there is no underlying agreement and therefore no agreement to arbitrate exists.

58. Plaintiffs have been damaged by Williams' persistence in sending documents to Plaintiffs demanding payment.

59. Plaintiffs have been damaged by Williams' purportedly issuing summonses against Plaintiffs from this Court and a state court in Colorado.

60. Plaintiffs' damages include costs to ascertain the validity of any purported award, costs associated with attempting to stop Williams from contacting Plaintiffs, and costs and fees in filing this action, including determining whether any documents were filed with the Middle District Court as claimed by Williams.

61. As Defendants actions led to Plaintiffs' ascertainable loss of money and/or property, Defendants are liable to Plaintiffs under the TCPA to the extent Defendants violated the TCPA in holding out the Purported Contract and arbitration award as creating rights, duties and obligations that simply were not created by such documents and by Defendants' attempts to enforce such documents.

62. Upon granting a judgment in this matter declaring the arbitration award void pursuant to Count I, Plaintiffs request permission to submit a copy of all expenses, costs, and attorneys' fees incurred in responding to Williams' alleged arbitration award, and that such judgment be assessed against all Defendants under the TCPA.

**Prayer for Relief**

WHEREFORE, Plaintiffs hereby pray for the following relief:

A. The SAA award be declared void and Defendants be permanently enjoined from using it for any purpose;

B. That Plaintiffs receive treble damages for all costs incurred as a result of Defendants' acts in violation of the TCPA in an amount no less than $60,000;

C. That Plaintiffs receive all attorneys' fees incurred in this matter as permitted under the TCPA in an amount no less than $20,000, and/or

D. Such other and further relief as this Court deems just and proper against Defendants.

Respectfully Submitted by,

s/Charles Michels_____
Charles Michels, BPR# 031232
Gino Marchetti, BPR # 5562
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
cmichels@tpmblaw.com