# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

TRACIE WILCOX, Individually and as )
CEO OF ON TAP CREDIT UNION, and )
ON TAP CREDIT UNION, )
    Plaintiffs and Counter-Defendants,)    Civil Action No. 3:20-cv-00425
     )    Chief Judge Crenshaw/Frensley
v. )
     )
MICHAEL WILLIAMS, )
    Defendant and Counter-Plaintiff. )

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

This matter is before the Court upon Plaintiffs' Motion for Summary Judgment. Docket No. 16. Along with their Motion, Plaintiffs have contemporaneously filed a supporting Memorandum of Law with Exhibits and a Statement of Material Facts. Docket Nos. 17, 17-1, 17-2, 17-3, 17-4, 18.

As grounds for their Motion, Plaintiffs argue that this "action is governed by the doctrine of claim preclusion in that this Court, in Case 3:20-cv-00336, determined that Defendant failed to produce an agreement to arbitrate and entered a final order denying [Defendant's] Motion to Enforce said award." Docket No. 16. Plaintiffs also note that this Court, in its Order entered in Case 3:20-cv-00336, further questioned whether subject matter jurisdiction existed, ruling that Defendant had not established subject matter jurisdiction. *Id., referencing* Docket No. 9 in Case 3:20-cv-00336.

In this action, Plaintiffs seek an Order prohibiting Defendant from attempting to use the alleged arbitration award to harass or otherwise request monies or relief from Plaintiffs, while

Defendant filed a counterclaim again seeking to enforce the alleged award. *Id.* Plaintiffs argue that, because this Court previously issued a ruling on the merits, the same parties are involved, any issues to be litigated in this case by Defendant could or should have been raised in the prior case, and the identity of the causes of action remains the same, Plaintiffs are entitled to a judgment as a matter of law on their claim, as well as Defendant's counterclaim. *Id.*

Defendant Michael Williams, the only remaining Defendant in this action,[1] has filed a Response in Opposition to Plaintiffs' Motion, arguing that he "did not file any motions, [he] filed affidavits." Docket No. 24. Defendant also argues that "Tracie Wilcox in her individual capacity as CEO of On Tap Credit Union has no standing to motion this court for a summary judgment because of her involvement in the fraud that was committed in this case." *Id.* Defendant additionally argues that the "Credit Union's claim of immunity is misplaced" because "a bank is provided immunity if it honors an IRS levy. However, in the instant case the Credit Union was merely sent a 'Notice of Levy'; consequently, the laws providing for immunity when releasing funds pursuant to a 'Levy' is [*sic*] not applicable." *Id.*

Defendant further argues that Plaintiff has breached her fiduciary duty because the "IRS 'Notice of Levy' is a fraud." *Id.* Defendant contends that the "IRS skipped the part about going to trial and getting a ruling that I owe a tax and then getting the lien/warrant/distraint." *Id.* Moreover, Defendant maintains that the "most conspicuous conclusions of law are that Congress never created a Bureau of Internal Revenue. The Internal Revenue Service, a foreign entity with respect to the several States, has no jurisdiction per Article 1 sec. 8 Cl. 17, is not registered to do business

---

[1] Plaintiffs filed a Notice of dismissal seeking dismissal of Defendants Sitcomm Arbitration Association, Timothy Simpson, and Innovated Holdings, LLC. Docket No. 15. Per an Order entered by Judge Crenshaw on April 30, 2021, Plaintiffs' claims against those Defendants were dismissed without prejudice. Docket No. 16. Accordingly, the only remaining Defendant in this action is Michael Williams, the instant Defendant.

in the several States, and is presenting itself and its agents as a government entity." *Id.* Defendant maintains, therefore, that, "Unless the Court can provide findings of facts and conclusions of law to support a different conclusion, this court must rule that the IRS has no jurisdiction over [Defendant]." *Id*.

Defendant also asserts that "the attorney, Charles Michels . . . has no authority to be involved in this case and I require proof of agency on the court record." *Id.* Defendant continues, "Everything entered by Charles Michels is hearsay and cannot be considered by this court." *Id.*

Although Defendant has filed a response to the instant Motion, Defendant has not responded to the grounds raised in the instant Motion, nor has Defendant responded to Plaintiffs' Statement of Material Facts.

Plaintiffs' have filed a Reply to Defendant's Response arguing that Defendant's Response did not address the merits of their Motion for Summary Judgment. Docket No. 25. Plaintiffs' therefore renew their Motion and grounds therefor. *Id*.

Defendant thereafter filed a document entitled "Affidavit in Support of Facts Entered Into This Court Case and Requirement to Dismiss Plaintiffs [sic] Case," which is essentially a Sur-Reply. Docket No. 26. In it, Defendant argues, "By law, the claim before this court by the opposing party is unlawful. . . the federal arbitration act does not permit a party to bring a challenge to an arbitration award in the form of a motion to vacate, and to include litigation claims, provisions that are not prescribed by the Federal Arbitration Act codified at 9 USC." *Id.* Defendant further contends that the Federal Arbitration Act "does not prescribe and or provide for a declaratory judgment or summary judgment." *Id.*

Defendant argues that this Court has "usurped the authority of the arbitrator and used its unauthorized authority to rule on the contract in violation of the laws of 9 USC and SCOTUS." *Id.*

3

Specifically, Defendant argues that this Court "has allowed the opposing party to enter into this matter through an attorney, yet [Defendant has] not seen a power of attorney on file giving any attorney agency . . . Now [Defendant does] know that there is some practice of ignoring this fact, however, before an attorney can represent any party, there must be a POA on file, and [Defendant] demand[s] to see this POA that has been filed into the record of this matter showing that the attorney has the authority, the right, permission to act and speak on behalf of a party to the instant matter, and if such does not exist then their portion of this suit must be dismissed with prejudice and they must be held accountable for violating the law, committing fraud upon the court, and disrespecting the Court's sanctity." *Id.*

Defendant continues, "This court also operates off of what's known as presumption of law, there is no such legal basis, I mean lawful basis for presumption of law. Presumption of law conflicts, contradict[s], and goes in complete opposition to the rules of law. The rule of law is that the courts must follow the letter of the law, must operate based on the facts, the truth, as presented in evidence. A presumption is neither fact, nor proof, nor evidence under the law, yet the courts continuously relies on such. What is the law? Well statutes are not that, for 'it has been well established in administrative law through its fundamental principles that anytime a judge is enforcing a statute he is said to be possessive of no judicial power whatsoever.' This means that when the court is following statutes, it is not judicial in nature and thus when this court or any other s [*sic*] claims to be operating under Article 3, it is a fallacy, a presumption, a presumed ignorance and I object." *Id.*

Defendant concludes, "Because the Federal Arbitration Act is the foundation for the law of this case . . . and there is no provision for the complaint after the 90 days have passed per the Act, I require this court to follow the Supreme Court's rulings and dismiss any claim by [Plaintiffs],

4

and follow the maxims of law that an un-rebutted affidavit is the judgment in the case. Anything entered into this case by an attorney that can't provide proof of agency per the requirements of law must be disregarded and ignored." *Id.*

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and Plaintiffs are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that their Motion (Docket No. 16) be **GRANTED**, that Plaintiffs receive the requested Order directing Defendant to cease any communications with Plaintiffs regarding the levies and/or purported arbitration award, and that this action be **DISMISSED WITH PREJUDICE.**

## II. UNDISPUTED FACTS[2]

On or about December 17, 2018, Defendant sent Plaintiff Wilcox a letter setting out Defendant's grievances with an IRS levy that was issued to On Tap Credit Union ("OTCU"), the credit union at which Plaintiff Wilcox is the CEO. Docket No. 17-4, Letter from Defendant to Plaintiff Wilcox. In this letter, Defendant claims that the IRS was fraudulently attempting to seize assets from his OTCU account, and he conveys that his underlying dispute with the IRS relates to alleged fraud by an IRS agent who intentionally disregarded the federal statutory procedures to perfect an IRS lien and levy. *Id.*

Specifically, Defendant takes issue with an IRS levy that was filed on November 19, 2018 in the amount of $21,164.28, for taxes pertaining to 2005, 2007, 2010, and 2011, followed by multiple notices dated December 4 through December 12, 2018, seeking approximately $6,840.90, for the 2010 and 2011 taxes owed. Docket No. 17-2, Levies Served on OTCU.

Defendant, in response to OTCU's actions regarding the levies, purported to conduct an

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

arbitration through Sitcomm Arbitration Association ("SAA"). Docket No. 17-1, Exhibit to Defendant's Motion to Enforce. Defendant's filing alleges that, on April 28, 2019, SAA issued Defendant an award of $1,500,000.00 against Plaintiffs. *Id.* The award indicates that a hearing was held on April 26, 2019, in Nashville, Tennessee with Timothy Simpson acting as arbitrator. Docket No. 17-3, Purported Arbitration Award. The award states that Plaintiff, the IRS, and others entered into the Purported Contract with Defendant in silently agreeing that their "[f]ailure and or refusal to respond and provide the requested testimony . . . shall constitute a failure and a deliberate and intentional refusal to respond . . . operat(ing) in favor of Defendant through 'tacit acquiescence.'" *Id.*

On April 16, 2020, Defendant filed a "Motion to Confirm Arbitration Award" and supporting Memorandum of Law in the Middle District of Tennessee to confirm and enforce the arbitration award. Docket No. 17-1, Defendant's Motion to Enforce. In his Motion, Defendant alleged that venue and jurisdiction are proper in this Court under 9 U.S.C. § 9, as Defendant alleges that an arbitration took place in Nashville, Tennessee. *Id.*

On November 13, 2020, this Court entered an Order finding that Defendant's purported arbitration award as not evidenced by any sort of agreement to arbitrate and was therefore unenforceable. *See* Case No. 3:20-cv-00336, Docket No. 9. In that Order, this Court further questioned whether subject matter jurisdiction existed, ruling that Defendant had not established subject matter jurisdiction. *Id.*

### III. LAW AND ANALYSIS

#### A. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual assertions as follows:

**(c)** **Procedures.**

**(1)** ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**B.** **Local Rules 56.01(c) and (f)**

With regard to responses to the requisite Statement of Undisputed Facts filed contemporaneously in support of a Motion for Summary Judgment, Local Rules 56.01(c) and (f) state:

7

**(c)** **Response to Statement of Facts**. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:

(1) Agreeing that the fact is undisputed;

(2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

(3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.

The response must be made on the document provided by the movant or on another document in which the non- movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. Pro se parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such pro se parties must otherwise comply with the requirements of this section.

. . .

**(f) Failure to Respond.** If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

As has been noted, Defendant has not only failed to respond to Plaintiffs' asserted grounds for this Motion, but Defendant has failed to respond to Plaintiffs' Statement of Material Facts. Accordingly, the facts contained therein are deemed undisputed for purposes of summary judgment.

### C. Res Judicata: Claim Preclusion

*Res judicata* is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action [.]" *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (alteration in original), *quoting* Black's Law Dictionary 1172 (5th ed.1979). It is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987).

In order to for a claim to be precluded in the Sixth Circuit, the party asserting claim preclusion must establish the following:

1. A final decision on the merits by a court of competent jurisdiction;

2. A subsequent action between the same parties or their privies;

3. An issue in the subsequent action which was litigated or which should have been litigated in the prior action; and

4. An identity of the causes of action.

### D. The Case at Bar

The undisputed facts in the case at bar establish that, on April 16, 2020, Defendant filed a "Motion to Confirm Arbitration Award" and supporting Memorandum of Law in the Middle District of Tennessee to confirm and enforce the arbitration award, and that, in his Motion, Defendant alleged that venue and jurisdiction are proper in this Court under 9 U.S.C. § 9, as the alleged arbitration took place in Nashville, Tennessee. Docket No. 17-1, Defendant's Motion to Enforce.

9

The undisputed facts further establish that, on November 13, 2020, this Court entered an Order finding that Defendant's purported arbitration award as not evidenced by any sort of agreement to arbitrate and was therefore unenforceable, and that, in that Order, this Court further questioned whether subject matter jurisdiction existed, ruling that Defendant had not established subject matter jurisdiction. *See* Case No. 3:20-cv-00336, Docket No. 9.

This Court's November 13, 2020 Order denying enforcement of the purported arbitration award is a final judgment on the merits. *See* Case No. 3:20-cv-00336, Docket No. 9. A comparison of the pleadings in the prior case and this case establishes that the same parties and their privies are involved in both actions. Both this action and the prior action arise out of the purported arbitration award dated April 28, 2020 and whether the purported award is enforceable. And any issues that Defendant can raise in this action to enforce the purported arbitration award could have been or were litigated in the prior action. Because all four elements of claim preclusion are satisfied, this Court's decision is governed by its ruling in Case No. 3:20-cv-00336. Thus, Defendant's claims are precluded and Plaintiffs are entitled to summary judgment both on their claims and on Defendant's counterclaims.

### IV. CONCLUSION

For the reasons discussed above, the undersigned finds that there are no genuine issues of material fact and that Plaintiffs are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that their Motion (Docket No. 16) be **GRANTED**, that Plaintiffs receive the requested Order directing Defendant to cease any communications with Plaintiffs regarding the levies and/or purported arbitration award, and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days

10

Case 3:20-cv-00425   Document 27   Filed 09/15/21   Page 10 of 11 PageID #: 385

after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                       _____
                                                                       **JEFFERY S. FRENSLEY**
                                                                       **United States Magistrate Judge**